**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4960

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY LEE PRITCHETT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (CR-03-162)

Submitted:  January 27, 2006      Decided:  February 24, 2006

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sharon R. Chickering, TRIAL LAWYERS, P.C., Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Kevin Brotzman, Third Year Practice Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricky Lee Pritchett appeals his conviction and sentence under 21 U.S.C.A. § 841(a)(1) and (b)(1)(B) for drug distribution. Finding no reversible error, we affirm.

I.

On December 10, 2003, a Grand Jury in the Western District of Virginia indicted Pritchett on two counts: (1) distributing five or more grams of crack cocaine on August 7, 2003, and (2) distributing more than fifty grams of crack cocaine on October 29, 2003. In April 2004, Pritchett entered into a plea agreement with the Government by which he agreed to plead guilty to Count 2 in exchange for the dismissal of Count 1. In his plea agreement, Pritchett acknowledged that the matter of sentencing would be left to the discretion of the court, that the Sentencing Guidelines would apply, and that life imprisonment was the maximum penalty for the crime to which he was pleading guilty.

At his guilty plea hearing, the Government proffered that on October 29, 2003, Pritchett sold 54.8 grams of cocaine base to an undercover officer of the Virginia State Police -- the facts establishing Count 2 of the indictment. No evidence relevant to Count 1 was proffered.

Pritchett's sentencing hearing occurred on July 1, 2004. Pritchett objected to the Presentence Report (PSR) because the PSR

2

listed Pritchett as a career offender.  Pritchett alleged that when he entered into the plea agreement with the Government, he did not know that he would be categorized as a career offender.  Concluding that the plea agreement was entered into under a mistake of material fact, the district court allowed Pritchett to withdraw his guilty plea.  The Government then offered Pritchett another alternative: Pritchett could plead guilty to Count 1 of the indictment, and the Government would dismiss Count 2.  Pritchett accepted this alternative plea agreement, and he pled guilty to Count 1.  The district court stated that he was accepting the plea based on the factual basis previously established for Count 2.  Pritchett now appeals and argues that the district court erred in convicting him on Count 1 when only facts establishing Count 2 were proffered to the court.  Pritchett also contends that the district court violated his Sixth Amendment rights when it imposed a sentence greater than that warranted by the facts of Count 1.

## II.

Because Pritchett did not seek to withdraw his guilty plea for Count 1, we would normally review for plain error his claim that the district court failed to formally find a factual basis for his plea.  United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).  We need not consider, however, whether plain error exists in this case because we conclude that the error, if any, was

3

invited by Pritchett. United States v. Jackson, 124 F.3d 607, 616-17 (4th Cir. 1997) (applying the invited error doctrine to an argument that the Government failed to meet its burden of proof). According to the invited error doctrine, "a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." Id. at 617 (internal quotation marks omitted). Pritchett's argument falls squarely within the invited error doctrine.

Despite entering into a plea agreement in which he acknowledged that the maximum sentence was life imprisonment, Pritchett sought to withdraw his guilty plea at his sentencing hearing because the PSR placed him in a higher criminal history category based on his criminal record, which would have resulted in a term of imprisonment longer than he expected. The court granted Pritchett's request to withdraw his plea and stated that Pritchett would proceed to trial. Before the hearing ended, however, the Government offered Pritchett a compromise in which Pritchett could plead guilty to Count 1 and the Government would dismiss Count 2. The result was a Guideline sentence more similar to what Pritchett originally expected. Pritchett accepted the Government's offer.

The district court then proceeded to conduct a limited colloquy with Pritchett. Pritchett proceeded to plead guilty to Count 1, and the district court stated that it was "accept[ing] the plea based on the factual basis that [it] . . . heard at the

previous plea to Count Two." (J.A. at 57.) Pritchett now argues that the district court erred because the factual basis for Count 2 only involved the distribution of cocaine base on October 29, 2003; no facts had been established for Count 1.

We conclude that Pritchett invited any error when he withdrew his guilty plea to Count 2 and then pled guilty to Count 1 to receive a lower sentence. Accordingly, we affirm Pritchett's conviction for Count 1 of the indictment.

III.

Pritchett also appeals his sentence to 188 months' imprisonment, contending that it violated his Sixth Amendment rights because it was based on the facts of Count 2. Because Pritchett did not object to his sentence in the district court, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To establish a Sixth Amendment error, Pritchett must show that his sentence exceeded the maximum sentence authorized by the facts he admitted. See United States v. Booker, 125 S. Ct. 738, 756 (2005).

No Sixth Amendment violation occurred here. The crime to which Pritchett pled guilty carried a maximum statutory penalty of 40 years. See 21 U.S.C.A. § 841(b)(1)(B) (setting forth a maximum penalty of 40 years' imprisonment for distributing 5 grams or more of cocaine base). Under the Sentencing Guidelines, a career

5

offender such as Pritchett convicted of a crime with a penalty greater than 25 years but less than life is assigned a base offense level of 34.  U.S. Sentencing Guidelines Manual § 4B1.1 (2003).  Applying the Sentencing Guidelines, the district court assigned Pritchett a base offense level of 34 and then subtracted 3 levels for acceptance of responsibility, yielding a guideline range of 188-235 months' imprisonment.  The court sentenced Pritchett to 188 months' imprisonment -- the bottom end of the guideline range.  Because Pritchett's sentence was based solely on the facts he admitted through his guilty plea, his Sixth Amendment rights were not violated.

IV.

For the foregoing reasons, we affirm Pritchett's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED